**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SALEH AHMED,

                Plaintiff,        CASE NO. 15-13037
                                                HON. DENISE PAGE HOOD

v.

PORT CITY MARINE SERVICES, INC.,

                Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER [#47]
and DENYING PLAINTIFF'S MOTION TO STRIKE [#49]**

**I.    INTRODUCTION**

On January 21, 2017, Plaintiff filed a Motion to Reconsider the Court's order granting summary judgment for the Defendant. [Dkt. No. 47]. Defendant filed a response to Plaintiff's motion, and Plaintiff filed a Motion to Strike Defendant's response on the grounds that the Local Rule 7.1(h)(2) does not permit a response or hearing for a motion to reconsider "unless the Court orders otherwise." [Dkt. No. 49]. Having reviewed the Motion to Reconsider, the Court concludes that it would have requested a brief from Defendant if Defendant had not submitted one. Accordingly, Plaintiff's Motion to Strike is denied. For the following reasons, the Court denies Plaintiff's Motion to Reconsider.

## II. APPLICABLE LAWS & ANALYSIS

### A. Standard of Review

Under Local Rule 7.1(h), a party may file a motion for reconsideration within fourteen days of a judgment or order being entered. E.D. Mich. L.R. 7.1(h)(1). The court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Smith v. Mount Pleasant Pub. Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374) (6th Cir. 1998)) ("a motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not."). The Court may grant a motion to reconsider only if the movant shows that both the court and the parties were misled by a "palpable defect" and that correcting the defect would change the disposition of the case. E.D. Mich. L.R. 7.1(h)(3); *see Brown v. Walgreens Income Protective Plan for Store Manager*, No. 10-CV-14442, 2013 U.S. Dist. LEXIS 35133, at **2-3 (E.D. Mich. Mar. 14, 2013).

### B. Analysis

Plaintiff's motion is timely, as it was filed one day after this Court granted Defendant's Motion for Summary Judgment. The Court denies Plaintiff's Motion to Reconsider because it presents issues already ruled upon by the Court.

Specifically, Plaintiff's motion presents the same Jones Act and Seaworthiness claims ruled upon by this Court but offers different case law. Each "new case" Plaintiff cites was decided years prior to the filing of his response to Defendant's Motion for Summary Judgement and should have been raised at that time. For this reason, Plaintiff's Motion for Reconsideration is improper.

Plaintiff also fails to show a "palpable defect" by which the parties and the Court were misled. Plaintiff claims that *Richards v. Consolidated Rail Corp.* is controlling with respect to his Jones Act claim, such that the Court should have found Plaintiff's injuries were "within the risk" of having defective shipping equipment. 330 F.3d 428, 437 (6th Cir. 2003). The Court is not persuaded. The claims in *Richards* were based on a violation of the Federal Safety Appliances Act, pursuant to which a plaintiff only needs to prove: (1) a violation of the statute; and (2) that the injury was somehow related to the defective equipment. *Id.* at 432.

Plaintiff's case is based on violations of the Jones Act and Federal Employers' Liability Act, which require "reasonable foreseeability of harm" as an "essential ingredient" of the claim. *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 703 (2011); *Pittsburgh S.S. Co. v. Palo*, 64 F.2d 198, 201 (6th Cir. 1933). The record suggests that Defendant had not received complaints or injury reports related to shoveling and sledgehammering on the St. Mary's Conquest, on which employees frequently shoveled concrete, without incident. The Court continues to conclude that

Plaintiff's injury was not reasonably foreseeable, and the Court finds that its dismissal of the Jones Act claim was proper.

Plaintiff fails to show a "palpable defect" in the Court's reasoning regarding his seaworthiness claim. Plaintiff relies on *Yehia v. Rouge Steel Corp.*, 898 F.2d 1178 (6th Cir. 1990), to suggest that injuries occurring while cleaning up unseaworthy conditions are cognizable. The slip-and-fall injury in *Yehia* occurred as a direct result of the oily and greasy floor conditions the plaintiff was not instructed to clean. *Id.* at 1182. The reasoning of *Yehia* is not applicable to this case, where Plaintiff has failed to provide evidence suggesting a direct relationship between his injury and alleged unseaworthy conditions. Plaintiff fails to challenge the absence of evidence suggesting that the defective loading arm or defective tools were the proximate cause of his injury. *See* Dkt. No. 45, PgID 395. For these reasons, the Court concludes that its dismissal of Plaintiff's seaworthiness claim was proper.

## I. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider [#47] is **DENIED.**

It is further ordered that Plaintiff's Motion to Strike [#49] is **DENIED.**

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 13, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 13, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager